| | |
|---|---|
| ___ FILED ___ ENTERED<br>___ LODGED ___ RECEIVED | The Honorable Robert S. Lasnik |

SEP 07 2017

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>RIBEIRO TRELHA GUSTAVO<br><br>Defendant. | NO. CR17-190 RSL<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Benjamin T. Diggs, Special Assistant United States Attorney for said District, Ribeiro Trelha Gustavo and his attorney, Dennis Carroll, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment.

    a. Access Device Fraud, as charged in Count 1, in violation of Title 18, United States Code, Section 1029(a)(3).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his guilty

U.S. v. Gustavo; CR17-190 RSL
PLEA AGREEMENT - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

plea, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense**. The elements of Access Device Fraud, as charged in Count 1, in violation of Title 18, United States Code, Section 1029(a)(3), are as follows:

*First*, the defendant knowingly possessed at least fifteen access devices at the same time;

*Second*, the defendant knew that the devices were counterfeit or unauthorized;

*Third*, the defendant acted with the intent to defraud; and

*Fourth*, the defendant's conduct in some way affected interstate or foreign commerce.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which he is pleading guilty are as follows:

a. For the offense of Access Device Fraud, as charged in Count 1: A maximum term of imprisonment of up to ten (10) years, a fine of up to two hundred fifty thousand dollars ($250,000), a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of one hundred dollars ($100). If a probationary sentence is imposed, the probation period can be for up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictive conditions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This
*U.S. v. Gustavo*; CR17-190 RSL
PLEA AGREEMENT - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of his peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on his behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

U.S. v. Gustavo; CR17-190 RSL
PLEA AGREEMENT - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

6. **Restitution.** Defendant shall make restitution in an amount to be determined at or before sentencing. Once the amount and recipients of restitution are ordered, that amount shall be due and payable immediately and shall be paid in accordance with a schedule of payments as proposed by the United States Probation Office and ordered by the Court.

7. **Forfeiture of Assets.** Defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. Defendant agrees that the conduct described in the Indictment and this Plea Agreement provides a sufficient factual and statutory basis for the forfeiture of the property sought by the United States

Defendant agrees, pursuant to 18 U.S.C. § 1029(c)(1)(C), to forfeit to the United States immediately Defendant's right, title, and interest in any and all personal property used or intended to be used to commit the violation charged in Count 1, and further agrees, pursuant to 18 U.S.C. § 982(a)(2)(B), to forfeit to the United States immediately Defendant's right, title, and interest in any property constituting, or derived from, proceeds the Defendant obtained directly or indirectly as the result of the violation charged in Count 1, including but not limited to the following:

    a. One (1) Lenovo Laptop Computer, Serial #YD01VU2Y;

    b. One (1) my Passport Hard Drive, Serial #WX21A17E0L4K;

    c. One (1) my Passport Ultra Hard Drive, no serial number;

    d. One (1) my Passport Hard Drive, Serial #WXE1A17JN0XZ;

    e. Three (3) SanDisk SD memory cards, no serial numbers; and

    f. One (1) Apple iPhone 7, no serial number.

Defendant agrees to waive all constitutional and statutory challenges to forfeiture in any manner—including direct appeal, habeas corpus, or any other means—to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. If the United States

U.S. v. Gustavo; CR17-190 RSL
PLEA AGREEMENT - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

chooses to effect the forfeiture provisions of this Plea Agreement through the criminal forfeiture process, Defendant waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Defendant further agrees to fully assist the United States in the forfeiture of the subject assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant further agrees to refrain from filing any claim in, or otherwise contesting, any administrative or judicial forfeiture proceeding that may be initiated against the subject assets.

8. **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offense:

a. As described below, Defendant used a credit card "skimming" device and an electronic camera on Automatic Teller Machines (ATMs) to surreptitiously steal the credit and debit card numbers of the ATM users and record the entry of their personal identification numbers (PIN) as they used the machine.

b. Beginning at a time unknown, but no later than April 25, 2017 and continuing through April 27, 2017, Defendant installed a fraudulent bank card skimming device along with an electronic camera capable of capturing the customer/victim's bank card and PIN at a JPMorgan Chase ATM in downtown Seattle, Washington.

c. On April 27, 2017, after the skimming activity was detected, Defendant was arrested at the scene of the ATM. On his person at the time of the arrest, Defendant had ten fraudulent cards and a Brazilian identification card bearing Defendant's picture and the alias Matos Fontinele. Seven of the bank cards embossed

U.S. v. Gustavo; CR17-190 RSL
PLEA AGREEMENT - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

with the name of Fontinele and an embossed bank card number had been produced or altered so that the card numbers encoded on the magnetic stripe that were different from the embossed number on the bank card.

      d.      In a search of Defendant's hotel room the following day, law enforcement found, among other things: three more modified ATM cameras and an additional ATM skimmer, a credit card reader/writer, numerous blank credit cards, and other tools consistent with improvising and attaching devices to ATMs and building additional devices i.e., super glue, scissors, and double-stick tape.

      e.      Law enforcement also recovered various electronic media including three hard drives, a laptop, and several SD cards. Search of that media revealed at least 62 credit card numbers in the text files, as well as hundreds of photo and video clips from the ATM cameras of PIN numbers being entered.

      f.      Defendant's conduct affected interstate and foreign commerce in that the credit card numbers he skimmed from the JPMorgan Chase ATM, as well as those recovered from his laptop, related to accounts maintained by financial institutions located outside Washington State, and some of the unauthorized and counterfeit access devices in Defendant's possession traveled in interstate and foreign commerce.

9.    **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal

*U.S. v. Gustavo*; CR17-190 RSL
PLEA AGREEMENT - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine applicable Defendant's Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw his guilty plea solely because of the sentence imposed by the Court.

10. **Acceptance of Responsibility.** At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a. The base offense level is six pursuant to USSG § 2B1.1(a)(2).

*U.S. v. Gustavo*; CR17-190 RSL
PLEA AGREEMENT - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b. The offense level should be increased by four pursuant to USSG § 2B1.1(b)(1)(C) because the amount of loss exceeds $15,000.

c. The offense level should be increased by two pursuant to USSG § 2B1.1(b)(2)(A) because the offense involved ten or more victims.

d. The offense level should be increased by two pursuant to USSG § 2B1.1(b)(10) because the offense involved sophisticated means.

e. The offense level should be increased by two pursuant to USSG § 2B1.1(b)(11) because the offense involved the possession and use of device making equipment and the production of unauthorized and counterfeit access devices.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

12. **Sentencing Recommendation.** The Government will recommend a sentence of imprisonment of no greater than the low end of the advisory guidelines range, as calculated by the Court at the time of sentencing. Defendant understands and acknowledges that the Federal District Court is not bound by the Government's recommendation as to the sentence and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that he cannot withdraw his guilty plea simply because of the sentence imposed by the District Court. Beyond the aforementioned recommendation on imprisonment, Defendant further understands that the Government may make a recommendation on any other aspect of his sentencing that the Government chooses.

13. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out

U.S. v. Gustavo; CR17-190 RSL
PLEA AGREEMENT - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119 (1997).

14. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable

U.S. v. Gustavo; CR17-190 RSL
PLEA AGREEMENT - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

15. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to his immigration status because he is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, including the offense to which Defendant is pleading guilty, and some offense make removal from the United States is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his guilty plea may entail, even if the consequence is his mandatory removal from the United States.

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that by entering the guilty plea required by this plea agreement, Defendant waives all rights to appeal from his conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

 a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

 b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

*U.S. v. Gustavo*; CR17-190 RSL
PLEA AGREEMENT - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea**. Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce him to enter his plea of guilty.

18. **Statute of Limitations**. In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//

//

//

//

*U.S. v. Gustavo*; CR17-190 RSL
PLEA AGREEMENT - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 7th day of September, 2017.

_____
RIBEIRO TRELHA GUSTAVO
Defendant

_____
DENNIS CARROLL
Attorney for Defendant

_____
JAMES D. OESTERLE
Assistant United States Attorney

_____
BENJAMIN T. DIGGS
Special Assistant United States Attorney

*U.S. v. Gustavo*; CR17-190 RSL
PLEA AGREEMENT - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970