JUDGE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RIBEIRO TRELHA GUSTAVO, ) <br> ) <br> Defendant. ) <br> ) | No. CR17-190-RSL <br><br> DEFENSE SENTENCING MEMORANDUM |

## I. INTRODUCTION.

Gustavo Ribeiro Trelha[1] respectfully requests that this Court impose a time-served sentence for the following reasons:

- This is Mr. Trelha's first arrest. He has had no prior contact with law enforcement. Because this is his first offense and he will be deported after his sentence is complete, the likelihood that he will reoffend is extremely low.

- Before his involvement with this offense, Mr. Trelha and his girlfriend operated a successful construction business[2] in Florida. He did the installation and his girlfriend ran the business. This scheme was not the means by which they supported themselves.

---

[1] The defendant's correct name is Gustavo Ribeiro Trelha and he will be referred to herein as Mr. Trelha. The charging document refers to him as Ribeiro Trelha Gustavo.

[2] Mr. Trelha installed soffits, which is the material forming a ceiling from the top of an exterior house wall to the outer edge of the roof, i.e., bridging the gap between a home's siding and the roofline, otherwise known as the eaves.

DEFENSE SENTENCING MEMORANDUM
(*Ribeiro Trelha Gustavo*; CR17-190RSL) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Ave., Suite 700
Seattle, WA 98101
(206) 553-1100

- Mr. Trelha's status as a non-citizen warrants a slight variance. He will be ineligible for BOP prerelease and he will likely be detained by immigration for removal proceedings following his sentence.

- Finally, Mr. Trelha will have been incarcerated for over six months at the time of sentencing. During his time in custody, his sister has passed away and his father has been hospitalized. The current term of incarceration is sufficient to demonstrate to Mr. Trelha that this offense was serious.

**II.   A TIME-SERVED SENTENCE IS SUFFICIENT TO ACHIEVE THE STATUTORY PURPOSES OF SENTENCING AS SET FORTH IN 18 U.S.C. § 3553(A).**

Following *United States v. Booker*, 543 U.S. 220 (2005), courts are required to impose the minimum term necessary to comply with the goals of sentencing. *Id*; 18 U.S.C. § 3553(a).

**A.   The Advisory Guideline Range.**

The parties agree to the following calculation:

| | |
|---|---|
| Base offense level, § 2B1.1(a)(2) | 6 |
| Loss between $15,000 - $40,000 § 2B1.1(b)(1)(C) | +4 |
| 10 or more victims § 2B1.1(b)(2)(A)(i) | +2 |
| Sophisticated means § 2B1.1(b)(10)(C) | +2 |
| Device making equipment § 2B1.1(b)(11) | +2 |
| Acceptance of Responsibility § 3E1.1 (a) and (b). | -3 |
| Total Offense Level and Range | = 13 (12 to 18 months) Gov. Rec: Low end of the range Probation Rec: 12 months and a day |

**B.   The History and Characteristics of Mr. Trelha.**

Mr. Trelha is a 34 year old man from Sao Paulo, Brazil. His father, sister, and four year old son still live in Brazil.[3] He graduated from high school in Brazil in 2003

---

[3] Mr. Trelha's mother and his other sister also resided in Brazil until their deaths.

DEFENSE SENTENCING MEMORANDUM
(*Ribeiro Trelha Gustavo*; CR17-190RSL) - 2

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Ave., Suite 700
Seattle, WA 98101
(206) 553-1100

and began flight attendant training soon after. He worked as a flight attendant from 2004-2014 until he came to the United States. PSR ¶ 44.

In pursuit of his American dream, Mr. Trelha met his girlfriend, Leide Santos, and together they owned and operated a successful construction company in Florida. PSR ¶ 54, 56. Mr. Trelha had been working in the field since arriving the United States. The business was successful and Mr. Trelha reported that the couple, who were the only employees, made a modest income from work obtained through their company. PSR ¶ 54.

Even though Mr. Trelha left Brazil to pursue a life in the United States, his family ties to Brazil remain strong. Before she passed away a few weeks ago, his sister, Ana Paula Trelha, said in a letter to the court that she and Mr. Trelha "were very close in childhood." Exhibit 1, Letter of Support from Ana Paula Trelha with photo that accompanied the letter. Unfortunately, Ana recently passed away after battling breast cancer. Following Ana's death, Mr. Trelha's father was hospitalized for blood pressure and heart issues.

Mr. Trelha is very close to his family. Attached are letters from his other sister, Anna Caroline Ribeiro Trelha, his ex-wife, Camille Coutinho, and his father, the Rev. Dimorvan de Mello Trelha. Exhibit 2, Family support letters. Mr. Trelha has kept in regular contact with his family since his arrest, told them what he did, and clearly expressed his sorrow and regret for what he has done. His father, a theologian, writes, "in every moment [we] have contact, he cries a lot and feels very ashamed and asks forgiveness. He told me that he made a mistake, but that he acknowledges this deviation from his conduct." *Id*. Being incarcerated and unable to help his father has been very difficult for Mr. Trelha and he wants nothing more than to be with his sister, son, and father so that they can grieve the loss of Ana together. He also wants to be there to support his father's ongoing medical issues.

DEFENSE SENTENCING MEMORANDUM
(*Ribeiro Trelha Gustavo*; CR17-190RSL) - 3

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Ave., Suite 700
Seattle, WA 98101
(206) 553-1100

Mr. Trelha's four year old son lives with his mother in Brazil. Exhibit 3, Camille Coutinho Letter to the Court. He and his ex-wife are very close and he is deeply attached to his son. Mr. Trelha's girlfriend, Leide Santos, sees the attachment he has with his son, noting that his son has often traveled to the United States to visit Mr. Trelha "because [he] is very attached to [Mr. Trelha]." *Id*.

Mr. Trelha recognizes that his conduct has adversely affected the people he loves. In his letter to the Court, he states, "My family is suffering a lot because of my mistake, especially my son." Exhibit 4, Mr. Trelha's Letter to the Court. He has tried to make the best of the situation by using his time in custody to reexamine his life and see his eventual release and deportation as a chance to start a new life. *Id*. He and his girlfriend are talking about getting married and starting a life together in Brazil.

### C. Seriousness of the Offense, Respect for the Law, and Just Punishment.

This offense was a nonviolent crime that posed no risk of physical harm to others. Furthermore, this offense did not cause the havoc that many other "identity theft" offenses create. In this offense, only debit/credit card numbers and pins were stolen. When a victim's account is compromised, the bank can remedy the offense by issuing a new debit/credit card. This is not a situation where a victim's social security number or other personal identification information was compromised in such a way that they have to constantly monitor their credit to guard against new accounts or loans being issued in their name.

Mr. Trelha was not "high up" in the chain of command for the scheme. When he was arrested, he told the police that his role was to install the skimming devices with a camera and mail the information it recorded to the leaders of the operation in Brazil. He was paid $100 a day, along with travel expenses. While he profited from the scheme, he did not have a direct equity interest in the proceeds from the crime.

DEFENSE SENTENCING MEMORANDUM
(*Ribeiro Trelha Gustavo*; CR17-190RSL) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Ave., Suite 700
Seattle, WA 98101
(206) 553-1100

To be clear, Mr. Trelha does not minimize his conduct and he understands that it was illegal to do what he did. He also understands that his offense had some impact on the account holders and the banks which will have to pass on costs to consumers. He has "admitted his guilt and stated he knows what he did was 'wrong.'" PSR ¶ 20. The aberrant nature of the offense is corroborated by his criminal history. This is Mr. Trelha's only criminal offense. His lack of criminal history and support letters highlight his general tendency to respect the law.

### D. Reasons to Vary Downward from the Advisory Range.

There are several factors in this case, taken either alone or collectively, which warrant a downward variance.

First, a downward variance is warranted because Mr. Trelha's custodial term will be longer, and more difficult, because he is not a citizen. *See* PSR ¶ 74. He will be ineligible for the Bureau of Prisons (BOP) prerelease otherwise available to inmates who are not deportable. *See* BOP Program Statement No. 7310.04(12/16/98) at 10. He is therefore bound to serve more time in a custodial setting than the typical federal inmate with the same sentence. Furthermore, his security level within the BOP will be increased. Finally, Mr. Trelha will likely spend an additional period of incarceration in an immigration facility. Because of these additional hardships that deportable individuals like Mr. Trelha face in serving their sentences, the Ninth Circuit has held that the district court may consider a departure from the guidelines due to the harsher conditions of incarceration that would likely be experienced by a particular defendant. *United States v. Charry-Cubillos*, 91 F.3d 1342, 1343-44 (9th Cir. 1996).

Second, this is Mr. Trelha's first arrest. He has had no prior contact with law enforcement and the United States Sentencing Commission has recognized that first offenders have a lower recidivism rate than other offenders in CHC. *See*, e.g., U.S. Sent. Comm'n, *Recidivism Among Federal Offenders: A Comprehensive Overview*, at

DEFENSE SENTENCING MEMORANDUM
(*Ribeiro Trelha Gustavo*; CR17-190RSL) - 5

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Ave., Suite 700
Seattle, WA 98101
(206) 553-1100

18 (2016).[4] In fact, the Sentencing Commission recently proposed amendments to the USSG that would have lowered the sentencing ranges for first time offenders due to their low recidivism rates. *See* U.S. Sentencing Commission, *Proposed Amendments to the Sentencing Guidelines*, August 25, 2017.[5] The amendments would have provided for lower guideline ranges for "first offenders" generally and increased the availability of alternatives to incarceration for such offenders at the lower levels of the Sentencing Table compared to otherwise similar offenders in Criminal History Category I. *Id*. at p. 20. The recommendation submitted by United States Probation Officer Porter also recognizes Mr. Trelha's lack of criminal history which "suggests a lengthy sentence may not be necessary." *See* Probation Sentencing Recommendation, p. 4.

Third, Mr. Trelha's role in the offense is somewhat mitigated. While the defense does not suggest that Mr. Trelha qualifies for a role adjustment in the guideline calculation, his role in the offense should warrant a slight variance. When arrested, he was cooperative with the police and told them he was paid $100 a day plus expenses. He shipped the card information to associates in Brazil. So, for him, he was not an equity partner in the scheme.

Fourth, Mr. Trelha's family situation in Brazil warrants a variance. As noted above, while Mr. Trelha was in custody, his sister passed away from cancer and his father was hospitalized. It has been incredibly difficult for Mr. Trelha to grieve the loss of his sister within the FDC, and, now that his father is hospitalized he is even more concerned about his family. Because of the tragic loss of his sister and his father's ongoing hospitalization, Mr. Trelha would request that the court consider a downward variance when imposing his sentence so that he can return to Brazil as soon as possible.

---

[4] Available at http://www.ussc.gov/research/research-publications/recidivism-among-federal-offenders-comprehensive-overview.

[5] Available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20170824_rf_proposed.pdf.

DEFENSE SENTENCING MEMORANDUM
(*Ribeiro Trelha Gustavo*; CR17-190RSL) - 6

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Ave., Suite 700
Seattle, WA 98101
(206) 553-1100

1    Fifth, the cumulative effect of the enhancements for sophisticated means, number of victims, and possession of device making equipment overstate the seriousness of the offense. Mr. Trelha does not dispute that this offense is serious, but even the Sentencing Commission has recognized this problem of "factor creep," in which more and more adjustments are added to the sentencing rules, making it increasingly difficult to ensure that the interactions among them, and their cumulative effect, properly track offense seriousness. United States Sentencing Commission, *Fifteen Years of Guidelines Sentencing*, (November 2004), at 137–38. Since the Commission has not corrected the problem of multiple overlapping enhancements, many courts have recognized that a departure or variance is warranted to avoid it. *See, e.g., United States v. Lauersen*, 362 F.3d 160, 164 (2d Cir. 2004) (subsequently vacated in light of *Booker*) (upholding departure to mitigate effect of "substantially overlapping enhancements" in the fraud sentencing table); *United States v. Parris*, 573 F. Supp. 2d 744, 745 (E.D.N.Y. 2008) (guidelines in fraud cases "are patently absurd on their face" due to the "piling on of points" under § 2B1.1).

### E.    Adequate Deterrence.

As noted above, Mr. Trelha presents an exceptionally low risk of recidivism. He is a first offender; this is a fraud offense; he will be deported; and he has tremendous support in Brazil. In addition, the current term of custody is sufficient to set him back on a pro-social path. Mr. Trelha has been in custody since his initial arrest on April 27, 2017. PSR ¶ 14. He was initially charged in King County Superior Court, and was transferred to federal custody on July 10, 2017, and has remained in custody. PSR ¶ 4. In the six-plus months that he has been incarcerated, Mr. Trelha has had an adequate amount of time to reflect on his mistakes he has caused his family and others. Indeed, his period of incarceration has been difficult, beyond being separated from his family. His sister died and his father's health has deteriorated. His time at the FDC has, at

DEFENSE SENTENCING MEMORANDUM
(*Ribeiro Trelha Gustavo*; CR17-190RSL) - 7

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Ave., Suite 700
Seattle, WA 98101
(206) 553-1100

times, been rough. As the only Portuguese speaker at the FDC, he does not have a "click" at the FDC. He spent a brief period of time in the SHU for his own protection after he reported an attempted sexual assault by a cellmate. After he made the accusation, he faced retaliation from other inmates who labelled him a "snitch." He is eager to be released so that he can be reunited with his family in Brazil and he has no plans to return to the United States.

### III.    CONCLUSION.

Under the circumstances of this case, a time-served sentence accomplishes the goal of demonstrating to Mr. Trelha the seriousness of the offense. Such a sentence is thus "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). It provides sufficient deterrence without unnecessarily burdening Mr. Trelha's family, who desperately need his support after the recent loss of his sister Ana and his father's continued hospitalization.

DATED this 8th day of December, 2017.

Respectfully submitted,

s/ *Dennis Carroll*
Assistant Federal Public Defender
Attorney for Gustavo Ribeiro Trelha

DEFENSE SENTENCING MEMORANDUM
(*Ribeiro Trelha Gustavo*; CR17-190RSL) - 8

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Ave., Suite 700
Seattle, WA 98101
(206) 553-1100

1

**CERTIFICATE OF SERVICE**

2

I certify that on December 8, 2017, I electronically filed the foregoing document

3

with the Clerk of the Court using the CM/ECF system, which will send notification of

4

filing to all registered parties.

5

6

                                                               s/ *Charlotte Ponikvar*
Paralegal
Office of the Federal Public Defender

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENSE SENTENCING MEMORANDUM
(*Ribeiro Trelha Gustavo*; CR17-190RSL) - 9

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Ave., Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**